IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ZEESHAN KHAN**, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CAUSE No. 4:20-CV-04199 |
| **PBF HOLDING COMPANY, LLC**, | § § § | |
| *Defendant*. | § § | |

## ORIGINAL COMPLAINT

Plaintiff Zeeshan Khan brings this complaint for discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE § 21.001 *et seq.*, and in support, states as follows:

### I.  PARTIES

1. Plaintiff Zeeshan Khan is a natural person residing in and a citizen of the State of Texas.

2. Defendant PBF Holding Company, LLC, is a limited liability company headquartered in New Jersey and doing business in Texas. It may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas. At all times relevant, PBF was an "employer" under the ADA and TCHRA and subject to the provisions of those statutes.

### II.  JURISDICTION & VENUE

3. The Court has jurisdiction over this matter because it arises under federal law. The Court has supplemental jurisdiction over Plaintiff's state law claim.

4. Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the geographic boundaries of this Court.

### III.   FACTUAL BACKGROUND

5. Plaintiff Zeeshan Khan was hired by Defendant in June 2017 as a Business Analyst. He worked remotely from his home in Fort Bend County, Texas, and was required to travel frequently to PBF's New Jersey offices.

6. Mr. Khan was successful in his position. He received positive feedback on his performance which was reflected in regular pay raises and bonuses.

7. In January 2020, Mr. Khan advised Defendant that he has a chronic back condition and degenerative spine disease that limited his ability to, *inter alia*, walk, stand, bend, move, and work. He reported that his condition was being exacerbated by his frequent travel which required that he sit still for extended periods of time. He requested accommodations—specifically that he be permitted to reduce his travel from twice per month to once every three weeks.

8. Defendant was resistant to Mr. Khan's request and tolerated his "reduced" travel schedule for approximately a month before directing him to travel to New Jersey (in spite of COVID-19 travel warnings and a company-wide suspension of non-essential travel) where he was abruptly terminated due to an alleged, undescribed "business decision."

9. Mr. Khan promptly submitted a Charge of Discrimination with the Civil Rights Division of the Texas Workforce Commission and the EEOC and received a "Notice of Right to Sue" letter on September 11, 2020.

## IV.   CAUSES OF ACTION

**A.   Disability Discrimination under the ADA**

10. Plaintiff adopts and incorporates by reference the preceding paragraphs as if fully restated herein.

11. At all times relevant, Defendant was subject to the provisions and prohibitions of the ADA.

12. At all times relevant, Defendant was aware that Plaintiff was disabled or Defendant perceived Plaintiff as disabled.

13. Despite his disability, Plaintiff was able to perform all essential job functions with reasonable accommodations.

14. Defendant unlawfully failed and refused to provide Plaintiff with reasonable accommodations for his disability as required under the ADA.

15. Additionally, Plaintiff suffered an adverse employment action—termination—because of his actual or perceived disability in violation of the ADA.

16. As a result of Defendant's unlawful conduct, Plaintiff has suffered recoverable damages, including back pay, front pay, compensatory damages, punitive damages, and attorneys' fees, in an amount to be proven at trial.

**B.   Disability Discrimination under the TCHRA**

17. Plaintiff adopts and incorporates by reference the preceding paragraphs as if fully restated herein.

18. At all times relevant, Defendant was subject to the provisions and prohibitions of the TCHRA.

19. At all times relevant, Defendant was aware that Plaintiff was disabled or Defendant perceived Plaintiff as disabled.

20. Despite his disability, Plaintiff was able to perform all essential job functions with reasonable accommodations.

21. Defendant unlawfully failed and refused to provide Plaintiff with reasonable accommodations for his disability as required under the TCHRA.

22. Additionally, Plaintiff suffered an adverse employment action—termination—because of his actual or perceived disability in violation of the TCHRA.

23. As a result of Defendant's unlawful conduct, Plaintiff has suffered recoverable damages, including back pay, front pay, compensatory damages, punitive damages, and attorneys' fees, in an amount to be proven at trial.

## V.   JURY DEMAND

24. Plaintiff demands a trial by jury of all matters triable thereto.

## VI.   PRAYER

25. Plaintiff requests that the Court issued citation for Defendant to appear and answer and that after a final trial of this matter, he be awarded judgment against Defendant for and including:

    a.  Actual damages, including pecuniary losses, non-pecuniary losses, back pay, and front pay;

    b.  compensatory damages;

    c.  punitive damages;

    d.  pre- and post-judgment interest;

    e.  attorneys' fees;

f.    court costs;

g.    and all other and further relief to which Plaintiff is justly entitled.

        Respectfully submitted,

**LANG & ASSOCIATES, PLLC**

*/s/ Shannon A. Lang*
Shannon A. Lang
Texas Bar No. 24070103
Fed ID No. 1103165
shannon.lang@shannonlanglaw.com
Jessica Hughes
Texas Bar No. 24076451
jessica.hughes@shannonlanglaw.com
Fed ID No. 3315050
1720 Dunlavy Street
Houston, Texas  77006
(832) 479-9400 tel.
(832) 479-9421 fax

*Attorneys for Plaintiff Zeeshan Khan*